IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA

TAYLOR WOODROW COMMUNITIES
AT VASARI, LLC, a/k/a TAYLOR MORRISON
CONSTRUCTION COMPANY,

    Plaintiff,

v.

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

    Defendant.
_____/

Case No.:

Division:

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Taylor Woodrow Communities at Vasari, LLC, a/k/a Taylor Morrison Construction Company ("**Plaintiff**" or "**Taylor**"), hereby sues Mid-Continent Casualty Company, a foreign corporation ("**Insurer**") and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is a declaratory action brought pursuant to Florida Statutes §§ 86.011, *et seq.*, regarding damages in excess of $15,000, exclusive of attorney's fees, costs, and interest, for which this Court has original jurisdiction.

2. Plaintiff is a general contractor and developer of residences and residential subdivisions who developed and caused to be built a community consisting of residences known as Vasari Country Club (the "**Project**"), in Lee County, Florida.

3. Plaintiff is informed and believes and thereupon alleges that Insurer is and, at all times relevant to this action, was a foreign corporation qualified to do and doing business in Charlotte County, Florida.

4. Plaintiff is informed and believes and thereupon alleges that at all times relevant to this action, Insurer was engaged in the business of issuing and selling liability insurance

policies in Charlotte County and is subject to the jurisdiction of this Court pursuant to § 48.193(1)(d), *Fla. Stat.*

5. Venue is proper in Charlotte County due to the Insurer issuing and selling the subject liability insurance policy in Charlotte County.

## GENERAL ALLEGATIONS

6. Plaintiff contracted with Cothern Construction Company ("**Subcontractor**"), to supply and install drywall in residences during the construction of the Project. Subcontractor has its principal place of business in Charlotte County, Florida.

7. As a part of its subcontract with Plaintiff, Subcontractor was required to obtain insurance policies for the work performed under the subcontract and to have Plaintiff named on the Subcontractor's liability insurance policies as an additional insured.

8. Subcontractor supplied and installed defective drywall in several residences in the Project. Among other damages suffered by Plaintiff, the defective drywall supplied and installed by Subcontractor has caused and is causing damage to other property in, at, and about the residences, including, but not limited to, electronics, mechanical components (including, but not limited to, HVAC, electrical, and plumbing systems), jewelry, furniture, clothing, and fixtures.

9. Plaintiff issued a demand that the defective work performed by Subcontractor be repaired and remediated, that any and all defective materials be replaced, and that damage to other property be repaired and remediated.

10. Subcontractor and Insurer failed to comply with Plaintiff's demand and, consequently, Plaintiff has or is in the process of repair and remediation of the conditions arising out of the defective work performed by Subcontractor.

11. As such, Plaintiff has been damaged as a result of defective work of Subcontractor and the failure and refusal of Subcontractor and Insurer to repair and remediate Subcontractor's defective work and the conditions arising out of such defective work.

12. Plaintiff has retained the law firm of Sivyer Barlow & Watson, P.A., to represent it in this action, and has agreed to pay the firm its reasonable attorneys' fees and costs. Plaintiff

has and will continue to incur fees and costs in bringing this action.

13. Plaintiff is entitled to recover its attorneys' fees and costs pursuant to Ch. 627, *Florida Statutes*.

### PLAINTIFF'S INSURANCE COVERAGE

14. Subcontractor, as subcontractor to Plaintiff, purchased from Insurer a commercial general liability policy and an umbrella or excess liability policy, policy numbers 04GL000672125 and 04GL000701763, respectively (the "**Policies**"), for the work performed and materials provided during construction of the residences at Vasari Country Club.

15. Based upon information and belief, Plaintiff is an additional named insured and certificate holder on the Policies. Insurer is believed to be in possession of the Policies, copies of which Plaintiff has requested but not yet received.

16. Based upon information and belief, Plaintiff has performed all of its obligations under the Policies except those, if any, the performance of which was prevented or excused by the acts, errors or omissions of the Defendant.

17. Plaintiff timely made a claim under the Policies regarding covered damages at the Property, including, but not limited to, damage to other property resulting from defective work of Subcontractor (the "**Coverage Claim**"), and has repeatedly demanded that Defendant acknowledge its obligation to pay the Coverage Claim and to pay on behalf of Plaintiff any and all necessary investigation, repair and remediation expenses and other covered costs arising out of the covered damages.

18. Notwithstanding receipt of Plaintiff's Coverage Claim and demands, Defendant has failed and/or refused to pay the Coverage Claim, as required by the terms of the Policies and applicable law.

19. As a direct and proximate result of Defendant's breach of its obligations under the Policies, Plaintiff has been damaged in an amount to be proven at trial because of the conduct of the Defendant.

20. Plaintiff has demanded that Defendant confirm coverage for and agree to pay on

Plaintiff's behalf the necessary remediation costs and expenses associated with the Coverage Claim as Defendant is obligated to do by the terms of the Policies and applicable law. Defendant has nonetheless refused to acknowledge, accept or undertake its obligations to Plaintiff. Instead, Defendant has repudiated its obligations to Plaintiff. Defendant's breaches of its obligations under the Policies and applicable law are continuing.

21. Plaintiff is in doubt about its rights under the Policies with regard to the Coverage Claim and requests a judicial declaration of those rights and the duty of Insurer to pay Plaintiff for the damages suffered by Plaintiff as set forth in the Coverage Claim.

22. Plaintiff is entitled to have the doubt removed because a justiciable controversy exists, as more specifically set forth herein.

## COUNT I

### (Declaratory Relief – Duty to Pay)

23. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff desires a judicial determination and declaration of the parties' respective rights and duties under the Policies, and specifically a judicial determination and declaration that Plaintiff is entitled to coverage for its Coverage Claim, as required by the terms of the Policy and applicable law.

25. A judicial declaration of the rights, duties and obligations of the parties is necessary and appropriate at this time in that Plaintiff has no plain, speedy, or adequate remedy at law, and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

WHEREFORE, Plaintiff respectfully requests a judicial determination that the Policies provide coverage for the Coverage Claim and that Insurer is liable to Plaintiff for damages suffered as a result of the defective work on the part of Subcontractor, that Insurer is liable for Plaintiff's attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## COUNT II

### (Breach of Contract)

26. Plaintiff incorporates by reference paragraphs 1 through 22, inclusive, of this Complaint as though fully set forth herein.

27. Plaintiff has performed all conditions, covenants, and promises required of it to be performed in accordance with the terms of the Policies, except for those terms the performance of which was excused, prevented, hindered, or frustrated by Defendant.

28. Defendant breached its obligations under the Policies by unreasonably refusing and/or unreasonably failing to provide coverage for the Plaintiff's Coverage Claim.

29. As a proximate result of the breach by Defendant of the Policies' terms, Plaintiff has been damaged in an amount to be proven at trial, but not less than the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff respectfully requests final judgment against Insurer for damages suffered as a result of Insurer's breach of its obligations under the Policies, for attorneys' fees and costs, and for such other relief as this Court deems just and proper.

### Demand for jury trial

Trial by jury is hereby demanded for all issues so triable.

Dated this ____ day of _____, 2009.

---

Neal A. Sivyer
Florida Bar No. 373745
nsivyer@sbwlegal.com
Stephen E. Walker
Florida Bar No. 0497851
swalker@sbwlegal.com
SIVYER BARLOW & WATSON, P.A.
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: 813-221-4242
Facsimile: 813-227-8598